## Williams, Appellant, *v.* Bair.

*Mechanic's lien—Landlord's consent—Lease—Waiver of liens—Landlord and tenant—Act of June 4, 1901, P. L. 431.*

A mechanic's lien for a heating system filed against a leased building will be stricken off where the record does not show any writing signed by the landlord to the effect that "the improvement was in fact made for him for his immediate use and benefit," as required by the Act of June 4, 1901, P. L. 431, but the lease attached to the claim contains an express stipulation by the lessee that in any contract he might make for the installation of a heating system there should be inserted a clause waiving the contractor's right to file a mechanic's lien.

Argued May 7, 1919.  Appeal, No. 308, Jan. T., 1919, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Sept. T., 1918, No. 159, M. L. D., striking off mechanic's

lien in case of Charles J. Williams v. Oliver H. Bair, owner or reputed owner. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Rule to strike off mechanic's lien. Before Staake, J.

The court made absolute the rule to strike off the lien. Plaintiff appealed.

*Error assigned* was the order of the court.

*Henry Saxe,* with him *Alexander N. Rubin,* for appellant.

*Horace Michener Schell,* for appellee.

Per Curiam, June 21, 1919:

The mechanic's lien which the court below struck off was filed against a building and curtilage owned by the appellee, but in the possession of a tenant under lease from him, at the time the heating system was installed by the claimant. The contract for the installation of the system was between the tenant and the claimant alone, and nothing is to be found in the lease from the appellee to his tenant to exempt the claim of the appellant from the requirement of Section 2 of the Act of June 4, 1901, P. L. 431, that to be valid it must appear in writing, signed by the landlord, that the "improvement was in fact made for him for his immediate use and benefit." This does not appear. On the contrary it appears from the lease between the appellee and the tenant, attached to and made part of appellant's claim, that the tenant expressly stipulated that in any contract it might make for the installation of a heating system there should be inserted a clause waiving the contractor's right to file a mechanic's lien. The right of the appellee to the relief given him by the court below was so clear that it could not have hesitated to strike off the lien, and its order doing so is affirmed, at the costs of the appellant.